FILED
2022 May-20  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
4/18/2022 4:49 PM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 39<br><br>Date of Filing:<br>04/18/2022 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**

**ANNETTE C BLAIR ET AL v. WHITETAIL VESSEL COMPANY, LLC ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

HAL120 | 4/18/2022 4:49:21 PM | /s/ CARSON SCOTT HALE
| Date | Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
4/18/2022 4:49 PM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

## IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ANNETTE C. BLAIR,** | * | |
| **as Administratrix of the Estate of** | * | |
| **JAMES RAY BLAIR, JR., Deceased,** | * | |
| **TINA HITCHCOCK, and** | * | **Case No.:  CV – 2022-_____** |
| **HANNAH SMITH,** | * | |
| | * | |
| **Plaintiffs,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| ***v.*** | * | |
| | * | |
| **WHITETAIL VESSEL COMPANY,** | * | |
| **LLC, INLAND MARINE SERVICE,** | * | |
| **INC., JOSEPH BAER, and Fictitious** | * | |
| **Defendants "A," "B," and "C," whether** | * | |
| **singular or plural, those other persons,** | * | |
| **corporations, firms or other entities** | * | |
| **whose wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to Plaintiffs, all of whose true** | * | |
| **and correct names are unknown to** | * | |
| **Plaintiffs at this time, but will be added** | * | |
| **by amendment when ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

This is an action by Plaintiffs, Annette C. Blair, as the duly appointed Administratrix of the Estate of James Ray Blair, Jr., Deceased (herein after referred to as "Plaintiff Blair"), Tina Hitchcock (herein after referred to as "Plaintiff Hitchcock"), and Hannah Smith (herein after referred to as "Plaintiff Smith") against Defendants, Whitetail Vessel Company, LLC (herein after referred to as "Defendant Whitetail"), Inland Marine Service, Inc. (herein after referred to as "Defendant Inland"), and Joseph Baer (herein after referred to as "Defendant Baer") for personal injuries and other damages sustained by Plaintiff Hitchcock and Plaintiff Smith, and the

death of James Ray Blair, Jr. (herein after referred to as "Decedent Blair"), as the result of a waterway collision that occurred on or about August 7, 2021.

## PARTIES, JURISDICTION, VENUE

1)      Plaintiff Blair, as Administratrix of the Estate of James Ray Blair, Jr., was a resident and citizen of Jackson County, Alabama, at all times material to the issues in this case.

2)      Plaintiff Hitchcock was a resident and citizen of Jackson County, Alabama at all times material to the issues in this case.

3)      Plaintiff Smith was a resident and citizen of Jackson County, Alabama at all times material to the issues in this case.

4)      Upon information and belief, Defendant Whitetail is a Kentucky Corporation, doing business in Jackson County, Alabama, at all times material to the issues in this case.  Defendant Whitetail may be served through its registered agent, Sarah Perry McGee, at 4500 Clarks River Road, Paducah, KY 42003.

5)      Upon information and belief, Defendant Inland is a Kentucky Corporation, doing business in Jackson County, Alabama, at all times material to the issues in this case.  Defendant Inalnd may be served through its registered agent, David Hammond, at 1700 Petersburg Road, Hebron, KY, 41048.

6)      Upon information and belief, Defendant Baer is a resident and citizen of Kenton County, Kentucky, all times material to the issues in this case and an employee and/or agent of Defendant Whitetail and Defendant Inland and was doing business for said Defendant Whitetail and Defendant Inland in Alabama at all times material to the issues in this case.  Defendant Whitetail and Defendant Inland are being sued in both their official and individual capacities.

7)      Fictitious Defendants "A", "B", and "C" are those persons or entities whose names will be substituted upon learning their true identities.

8)      The waterway collision that gives rise to this complaint occurred in Jackson County, Alabama.

9)  Venue is proper in Jackson County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

10)     On or about August 7, 2021, Decedent Blair and Plaintiffs Hitchcock and Smith were the occupants of a 14-foot recreational vessel (herein after referred to as "Plaintiffs' boat") fishing on the Tennessee River near the AL-117 bridge, in Jackson County, Alabama.

11)     At said time and place, Defendant Baer was the operator of a large commercial tugboat/barge, the M/V Bobby Thompson, owned and/or operated by Defendant Whitetail and Defendant Inland.

12)     At said time and place, Defendant Baer allowed and/or caused Defendants' vessel to collide with Plaintiffs' boat.

13)     At the time of the collision, Defendant Baer was an employee and/or agent of Defendant Whitetail and/or Defendant Inland and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant Whitetail and/or Defendant Inland, at all times material to the issues in this cause of action.

14)     Plaintiff Hitchcock and Plaintiff Smith suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendants and/or Fictitious Defendants.

15)     Decedent Blair succumbed to his serious injuries and passed away as a proximate consequence of the negligence and/or wantonness of Defendants and/or Fictitious Defendants.

16)     On November 22, 2021, Annette C. Blair was appointed as Administratrix of the Estate of James Ray Blair, Jr. in Jackson County Probate Court.

## COUNT ONE - NEGLIGENCE

16)     The Plaintiffs in this Count are Plaintiff Hitchcock, Plaintiff Smith, and Plaintiff Blair. The Defendants in this Count are Defendant Whitetail, Defendant Inland, and Defendant Baer, individually.

17)     The Plaintiffs re-allege, adopt and incorporate the preceding averments of this Complaint as if fully set forth herein.

18)     The Defendants owed a duty to the Plaintiffs and Decedent Blair to exercise reasonable care in piloting, operating, and navigating their large commercial motor vessel as to avoid an unreasonable risk of harm to the Plaintiffs and Decedent Blair.

19)     At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Whitetail and/or Defendant Inland, Defendant Baer operated the M/V Bobby Thompson in such a negligent manner as to (a) cause said vessel to collide with Plaintiffs' boat, and (b) to cause Plaintiffs' boat to be damaged beyond reasonable repair, (c) to cause serious injury to Plaintiff Hitchcock and Plaintiff Smith, and (d) to cause the death of Decedent Blair.

20)     In causing the M/V Bobby Thompson to crash into Plaintiffs' boat, Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer:

    (a)  Negligently failed to exercise ordinary care.

    (b)  Negligently failed to keep a proper look out.

    (c)  Negligently failed to perceive navigational hazards existing at the time of the incident.

(d) Negligently failed to maintain proper control of said vessel.

(e) Negligently failed to yield to Plaintiffs' boat.

(f) Otherwise acted in negligent disregard of the rights and safety of Plaintiffs Hitchcock and Smith and Decedent Blair and others traveling on said navigable waterways at said time and place.

21)     The Plaintiffs aver that the acts and conduct of Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer on said occasion constitutes common law negligence.  The Plaintiffs further aver that the acts and conduct of the said Defendant Baer on said occasion were in violation of one or more of the Rules of navigable waters for the State of Alabama, including but not limited to Ala. Admin. Code r. 220-6-.07, Traffic "Rules Of The Road."

22)     As the proximate consequence of said negligence, Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer, (a) in violating said statutes, and (b) in colliding with Plaintiffs' boat, Plaintiff Hitchcock and Plaintiff Smith were caused to sustain serious injuries and Decedent Blair was killed.

23)     The Plaintiffs aver that said negligent acts and conduct of the said Defendant Baer on said occasion are imputed to Defendant Whitetail and Defendant Inland, and Defendant Whitetail and Defendant Inland and Defendant Baer, are jointly and severally liable for the serious injuries of the Plaintiffs, as a result of said negligent acts and conduct of the said Defendant Baer.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which the Plaintiffs

are entitled. Furthermore, the Plaintiffs demand punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONNESS

24)    The Plaintiffs in this Count are Plaintiff Hitchcock, Plaintiff Smith, and Plaintiff Blair. The Defendants in this Count are Defendant Whitetail, Defendant Inland, and Defendant Baer, individually.

25)    The Plaintiffs re-allege, adopt and incorporate the preceding averments of this Complaint as if fully set forth herein.

26)    The Defendants owed a duty to the Plaintiffs and Decedent Blair to exercise reasonable care and, in particular, to avoid acting recklessly and wantonly in piloting, operating, and navigating their large commercial motor vessel as to avoid an unreasonable risk of harm to the Plaintiffs and Decedent Blair.

27)    At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Whitetail and/or Defendant Inland, Defendant Baer operated the M/V Bobby Thompson in such a reckless and wanton manner as to (a) cause said vessel to collide with Plaintiffs' boat, and (b) to cause Plaintiffs' boat to be damaged beyond reasonable repair, (c) to cause serious injury to Plaintiff Hitchcock and Plaintiff Smith, and (d) to cause the death of Decedent Blair.

28)    In causing the M/V Bobby Thompson to crash into Plaintiffs' boat, Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer:

(a) Recklessly and Wantonly failed to exercise ordinary care.

(b) Recklessly and Wantonly failed to keep a proper look out.

(c) Recklessly and Wantonly failed to perceive navigational hazards existing at the time of the incident.

(d) Recklessly and Wantonly failed to maintain proper control of said vessel.

(e) Recklessly and Wantonly failed to yield to Plaintiffs' boat.

(f) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiffs and Decedent Blair and others traveling on said navigable waterways at said time and place.

29)     The Plaintiffs aver that the acts and conduct of Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer on said occasion constitute statutory recklessness and wantonness.  The Plaintiffs further aver that the acts and conduct of the said Defendant Baer on said occasion were in violation of one or more of the Rules of the navigable waterways for the State of Alabama, including but not limited to Ala. Admin. Code r. 220-6-.07, Traffic "Rules Of The Road.".

30)     As the proximate consequence of said recklessness and wantonness of Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer, (a) in violating said statutes, and (b) in colliding with Plaintiffs' boat, Plaintiff Hitchcock and Plaintiff Smith were caused to sustain serious injuries and Decedent Blair was killed.

31)     The Plaintiffs aver that said reckless and wanton acts and conduct of the said Defendant Baer, on said occasion, are imputed to Defendant Whitetail and Defendant Inland, and Defendant Whitetail and Defendant Inland and Defendant Baer, are jointly and severally liable to for the serious injuries of the Plaintiffs, as a result of said reckless and wanton acts and conduct of the said Defendant Baer.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which the Plaintiffs are entitled. Furthermore, the Plaintiffs demand punitive damages in such an amount as this Court may determine.

## COUNT THREE - WRONGFUL DEATH

32)   The Plaintiff in this Count is Plaintiff Blair. The Defendants in this Count are Defendant Whitetail, Defendant Inland, and Defendant Baer, individually.

33)   Plaintiff Blair re-alleges, adopts and incorporates the preceding averments of this Complaint as if fully set forth herein.

34)   The Defendants owed a duty to Decedent Blair to exercise reasonable care and, in particular, to avoid acting recklessly and wantonly in piloting, operating, and navigating their large commercial motor vessel as to avoid an unreasonable risk of harm to Decedent Blair.

35)   At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendant Whitetail and/or Defendant Inland, Defendant Baer operated the M/V Bobby Thompson in such a reckless and wanton manner as to (a) cause said vessel to collide with Plaintiffs' boat, and (b) to cause the death of Decedent Blair.

36)   In causing the M/V Bobby Thompson to crash into Plaintiffs' boat, Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer:

  (a) Recklessly and Wantonly failed to exercise ordinary care.

  (b) Recklessly and Wantonly failed to keep a proper look out.

  (c) Recklessly and Wantonly failed to maintain proper control of said vessel.

  (d) Recklessly and Wantonly failed to perceive navigational hazards existing at the time of the incident.

(e)  Recklessly and Wantonly failed to yield to Plaintiffs' boat.

(f)  Otherwise acted in reckless and wanton disregard of the rights and safety of Decedent Blair and others traveling on said navigable waterways at said time and place.

37)  Plaintiff Blair avers that the acts and conduct of Defendant Whitetail's and Defendant Inland's agent and/or employee, Defendant Baer on said occasion constitute wrongful death. Plaintiff Blair further avers that the acts and conduct of the said Defendant Baer on said occasion were in violation of one or more of the Rules of the navigable waterways for the State of Alabama, including but not limited to Ala. Admin. Code r. 220-6-.07, Traffic "Rules Of The Road.".

38)  As a direct, proximate, and foreseeable result of the Defendants' continuous conduct, practices, and inactions, Decedent Blair was caused to suffer personal injuries, which ultimately caused his death.

WHEREFORE, Plaintiff Blair, as Administratrix of the Estate of James Ray Blair, Jr., seeks a judgment for punitive damages against all Defendants, named and fictitious, jointly and severally, in an amount to be determined, plus interest and costs pursuant to Ala. Code 1975 § 6-5-410.

## COUNT FOUR - NEGLIGENT AND WANTON ENTRUSTMENT

39)  The Plaintiffs in this Count are Plaintiff Hitchcock, Plaintiff Smith, and Plaintiff Blair. The Defendants in this Count are Defendant Whitetail, Defendant Inland, and Defendant Baer, individually.

40)  The Plaintiffs re-allege, adopt and incorporate the preceding averments of this Complaint as if fully set forth herein.

41)     The Plaintiffs aver that on the occasion made the basis of this case, Defendant Whitetail and Defendant Inland negligently, recklessly and wantonly entrusted the M/V Bobby Thompson to the said Defendant Baer; that the said Defendant Baer; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vessel entrusted to him; and that Defendant Whitetail and Defendant Inland knew, or by the exercise of reasonable care should have known, that the said Defendant Baer; was unsuitable to have said vessel entrusted to him.

42)     The Plaintiffs further aver that said negligent and wanton entrustment of the M/V Bobby Thompson to the said Defendant Baer; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Baer; and (b) is a concurrent, proximate cause of the injuries and damages to Plaintiff Hitchcock and Plaintiff Smith and Decedent Blair's death.

        WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which the Plaintiffs are entitled. Furthermore, the Plaintiffs demand punitive damages in such an amount as this Court may determine.

## COUNT FIVE - NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION AND SUPERVISION

43)     The Plaintiffs in this Count are Plaintiff Hitchcock, Plaintiff Smith, and Plaintiff Blair. The Defendants in this Count are Defendant Whitetail and Defendant Inland.

44)     The Plaintiffs re-allege, adopt and incorporate the preceding averments of this Complaint as if fully set forth herein.

45)     The Plaintiffs aver that Defendant Whitetail and Defendant Inland, hired, trained, retained and supervised Defendant Baer, as an operator of a large commercial motor vessel.

46)     The Plaintiffs aver that Defendant Whitetail and Defendant Inland:

                (a)     Acted in a negligent, reckless and wanton manner in hiring Defendant

Baer, as an operator of a large commercial motor vessel,

(b)     Acted in a negligent, reckless and wanton manner in retaining Defendant Baer as an operator of a large commercial motor vessel,

(c)     Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Baer, as an operator of a large commercial motor vessel, and

(d)     Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Baer qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Whitetail and Defendant Inland entrusted to Defendant Baer as an operator of a large commercial motor vessel on the navigable waterways of Alabama and other states.

(e)     Acted in a negligent, reckless and wanton manner in failing to provide a competent, well-trained crew for the M/V Bobby Thompson, and in failing to make the inquiries necessary to determine whether the crew was competent and well-trained.

47)     The Plaintiffs further aver that the serious injuries of the Plaintiffs are the proximate results of said negligence and wantonness of Defendant Whitetail and Defendant Inland in the hiring, training, retention, monitoring, and supervision of the said Defendant Baer as an operator of a large commercial motor vessel on the navigable waterways of Alabama and other states.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which the

Plaintiffs are entitled. Furthermore, the Plaintiffs demand punitive damages in such an amount as this Court may determine.

## **COUNT SIX - FICTITIOUS DEFENDANTS**

48)    The Plaintiffs in this Count are Plaintiff Hitchcock, Plaintiff Smith, and Plaintiff Blair.

49)    The Plaintiffs re-allege, adopt, and incorporate herein by reference as a part of this Count all of the averments of paragraphs 1 through 38 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

50)    Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to cause the serious injuries of the Plaintiffs, of all of whose true and correct names are unknown to the Plaintiffs at this time, but will be substituted by amendment when ascertained.

WHEREFORE, the Plaintiffs demand judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which the Plaintiffs are entitled. Furthermore, the Plaintiffs demand punitive damages in such an amount as this Court may determine.

### **A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This April 18, 2022.


Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

**(the rest of this page left blank intentionally)**

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015


/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL


**(the rest of this page left blank intentionally)**

ELECTRONICALLY FILED
4/18/2022 4:49 PM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

## IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ANNETTE C. BLAIR,** | * | |
| **as Administratrix of the Estate of** | * | |
| **JAMES RAY BLAIR, JR., Deceased,** | * | |
| **TINA HITCHCOCK, and** | * | **Case No.:  CV – 2022-_____** |
| **HANNAH SMITH,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| ***v.*** | * | |
| | * | |
| **WHITETAIL VESSEL COMPANY,** | * | |
| **LLC, INLAND MARINE SERVICE,** | * | |
| **INC., JOSEPH BAER, and Fictitious** | * | |
| **Defendants "A," "B," and "C," whether** | * | |
| **singular or plural, those other persons,** | * | |
| **corporations, firms or other entities** | * | |
| **whose wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to Plaintiffs, all of whose true** | * | |
| **and correct names are unknown to** | * | |
| **Plaintiffs at this time, but will be added** | * | |
| **by amendment when ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WHITETAIL VESSEL COMPANY

COMES NOW the Plaintiffs, by counsel, and propounds the following interrogatories to the Defendant, WHITETAIL VESSEL COMPANY, pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

## DEFINITIONS

1.  **Document** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system,

computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      **Plaintiffs** means Annette C. Blair, as Administratrix of the Estate of James Ray Blair, Jr., Deceased, Tina Hitchcock and Hannah Smith.

3.      **Decedent** means James Ray Blair, Jr., Deceased.

4.      **Hitchcock** means Plaintiff Tina Hitchcock.

5.      **Smith** means Plaintiff Hannah Smith.

6.      **Plaintiffs' Boat** means the 14-foot recreational vessel occupied by Decedent, Hitchcock and Smith involved in the Subject Incident.

7.      **M/V Bobby Thompson** means the large commercial tugboat/barge owned and/or operated by Whitetail and Inland involved in the Subject Incident.

8.      **Subject Incident** means the collision and/or allision between the M/V Bobby Thompson and Plaintiffs' Boat, which occurred on August 7, 2021 in Jackson County, Alabama.

9.      **Whitetail** means Defendant Whitetail Vessel Company, LLC, as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party.

10.     **Inland** means Defendant Inland Marine Service, Inc., as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party

11.     **You**, **your** or **Baer** means Defendant Joseph Baer.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the following people: (a) The Safety Director/Chief Safety Officer for Whitetail on the date of the Subject Incident and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at Whitetail on the date of the Subject Incident and now; (c) The person(s) responsible for training Baer; and (d) Baer's supervisor and manager on the date of the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 2:**

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Whitetail's pilot's and/or operator's actions in the past three (3) years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

**ANSWER:**

**INTERROGATORY NO. 3:**

With respect to the M/V Bobby Thompson, provide the following information:

(a)   The registered owner, lessor (if any) and lessee (if any) on the date of the Subject Incident and presently;

(b)   The mileage and gross weight at the time of the Subject Incident;

(c)   All systems and devices in or on the M/V Bobby Thompson that have the capability of recording and or transmitting any data about its operation (including without limitation Engine Control Module, Event Data Recorder, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.) and state whether or not that data has been preserved and/or downloaded;

(d)   All systems and devices of any kind in or on the M/V Bobby Thompson that allowed for communication between the pilot/operator and any other person or entity and state whether the data for the time period of the Subject Incident has been preserved;

(e)   All systems and devices of any kind in or on the M/V Bobby Thompson that have the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision, allision or directional warning system;   any pilot and/or operator safety monitoring or hours of service monitoring system;   any transponders or tachographs;   any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder,

GPS system, satellite systems, or cellular systems) and state whether the data for the time period of the Subject Incident has been preserved; and

(f)     All maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

**ANSWER:**

**<u>INTERROGATORY NO. 4</u>:**

With respect to the trip that Baer was on at the time of the Subject Incident, provide the following information:

(a)     Where and when (date and time) Baer picked up the cargo he was driving at the time of the Subject Incident;

(b)     Where (name and address of location) and when (date and time) the cargo was to be delivered;

(c)     The location, time, duration and reason for each stop Baer made from the time he picked up the cargo until the time of the Subject Incident; and

(d)     The route Baer intended to follow from the point of origin to the point of destination.

**ANSWER:**

**<u>INTERROGATORY NO. 5</u>:**

With respect to Baer's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

(a)     Identify all errors on Baer's logs of which you are aware;

(b) Identify all HOS violations of which you are aware; and

(c)     Explain what you have done, if anything, to audit or verify the accuracy of Baer's logs and identify all persons involved in the process.

**ANSWER:**

**<u>INTERROGATORY NO. 6</u>:**

For the 72 hours leading up to the Subject Incident, provide the following information regarding Baer:

(a) His piloting and/or operating hours;

(b) His on-duty non-piloting and/or non-operating hours (location and activities);

(c) His stops (time and location) and the reason for them;

(d) When and where his meals were eaten;

(e) When and where he slept; and

(f)     When and where and in what dosages he took any medications (prescription and

over the counter).

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Whitetail regarding Baer at any time, including with respect to the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all commercial motor vessel operating violations (e.g., rules of the road) committed by Baer either while in your employ or in previous employment.

**ANSWER:**

**INTERROGATORY NO. 9:**

If Baer has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**ANSWER:**

**INTERROGATORY NO. 10:**

For each commercial motor vessel collision, allision and/or accident involving Baer of which you are aware, provide the collision/allision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**ANSWER:**

**INTERROGATORY NO. 11:**

If Baer was disqualified from piloting and/or operating a commercial motor vessel while in your employ, describe when and under what circumstances.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify and describe all communications between Baer and anyone acting for or on behalf of Whitetail during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Incident.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**ANSWER:**

**INTERROGATORY NO. 13:**

State your understanding of <u>how</u> and <u>why</u> the Subject Incident occurred.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify each person (name and employer) who has been involved in the investigation of the Subject Incident.   For each person identified, describe their role and involvement in the investigation.

**ANSWER:**

**INTERROGATORY NO. 15:**

State whether any drug and/or alcohol tests (blood, urine or otherwise) were performed on Baer after the Subject Incident.  If so, state the time at which the test was administered; the name, address and phone number of the persons, firms, or entities who administered said test(s); all such persons, firms, or entities in possession of a copy of the results of said test(s); and the results of the tests.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you maintain that any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in Plaintiffs' operative complaint, identify each such person and or entity and state the basis for their claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 17:**

If you maintain that Decedent or Plaintiffs have any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Plaintiffs' operative complaint, describe the basis for this claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 18:**

If Whitetail has performed any review (e.g., accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review, and the conclusions that were reached.

**ANSWER:**

**INTERROGATORY NO. 19:**

For each of Plaintiff's Requests for Admissions to Whitetail that you did not admit without qualification, explain the reason for your refusal to admit.

**ANSWER:**

**INTERROGATORY NO. 20:**

If anyone working for or on behalf of Whitetail has engaged in any surveillance of Plaintiffs or anyone associated with Plaintiffs, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**ANSWER:**

## REQUESTS FOR PRODUCTION

COMES NOW the Plaintiffs, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that the Defendant produce for inspection and/or copying by Plaintiffs' counsel the following documents set forth below. As an alternative the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within forty-five (45) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiffs may take appropriate remedial steps if

necessary. The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Each document utilized by you in responding to Plaintiffs' First Set of Interrogatories to Whitetail.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

The document retention policy in effect for Whitetail at any time between the Subject Incident and the present.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All documents setting forth the relationship between Baer and Whitetail.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

Baer's qualification file, personnel file, investigation file, history file and all documents that demonstrate compliance with federal (e.g., U.S. Coast Guard) and state motor vessel pilot and/or motor vessel operation qualification laws and regulations.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to any pre-employment background investigation of Baer, including without limitation any investigation of Baer's qualifications, character, piloting and/or motor vessel operating history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Whitetail.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to your recruiting of Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate to your hiring Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**

All documents that relate to any orientation provided by Whitetail to Baer in connection with his hiring.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to training of Baer. This includes but is not limited to all documents that show all training received by Baer; when, where and who provided the training; and all materials used for training.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**

All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Whitetail to Baer.  An answer key should also be provided.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 12:**

All documents (a) explaining how Baer was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

A copy of the front and back of every pilot's and/or commercial motor vessel operator's license issued to Baer (regardless of name used) in your possession, custody and/or control.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

All documents that relate to notice to you of any violation by Baer of any law, ordinance or regulation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Baer in your possession, custody and/or control.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to any violation of any safety rule or principle relating to operating a commercial motor vessel by Baer at any time.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**

All documents that relate to any action (formal or informal) by any supervisor or manager or

anyone working by or on behalf of Whitetail directed to Baer for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Baer in any way relating to the safe operation of a commercial motor vessel.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**

All documents in your possession relating to any motor vessel collision, allision and/or accident of any kind in which Baer has been involved.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to any complaint, criticism or concern raised by any person or entity regarding the piloting and/or commercial motor vessel operating performance and/or safety of Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**

For each communication device (e.g., cell phones, radios, PDAs, smartphones, texting and e-mailing devices, etc.) that was on the M/V Bobby Thompson at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident.  This includes all devices, whether owned by Baer or not, and whether or not such devices were in use at the time of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:**

All documents prepared by Baer that describe the Subject Incident or the circumstances leading up to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing any evaluation of the piloting and/or operating abilities, safety, and/or performance of Baer that has not been produced in response to any other Request.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:**

All of Baer's hours of service/operation logs and any other piloting and/or operating logs and/or time sheets for the period beginning 30 days before the Subject Incident and ending 7 days following the Subject Incident.
RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

In addition to the documents responsive to the preceding Request, all documents in your possession custody or control that demonstrate what Baer was doing for the time period beginning 14 days before the Subject Incident and ending two days following the Subject Incident. The requested documents include all documents that a motor vessel inspector might use to audit the logs of this operator, including, but not limited to:

   a.   All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);
   b.   All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;
   c.   All documents related to trips (including trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), trip check and settlement sheets, dispatch records, mileage reports, weight records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);
   d.   All documents evidencing any and all stops; and
   e.   All call-in reports and any other documentation of any communications between you and Baer.

   **PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL MOTOR VESSEL OPERATING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE. THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

All audits and summaries of Baer's hours of service covering the period beginning six months

prior to the Subject Incident and ending 14 days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

For the M/V Bobby Thompson – and any barge(s) attached to the M/V Bobby Thompson at the time of the Subject Incident – the following documents:

       a.      Title;
       b.      Registration;
       c.      Operator's manual;
       d.      Maintenance Schedules;
       e.      Maintenance records for 6 months before the Subject Incident;
       f.      Inspection records for 6 months before the Subject Incident;
       g.      Repair and/or modification records for 6 months before the Subject Incident;
       h.      Any logbook, ledger, file or the like maintained for any reason regarding the vessel and barge(s).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

Any data (whether or not downloaded or retrieved) from the M/V Bobby Thompson or any part or system from the M/V Bobby Thompson (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, brake system, or any other "black box" system). This Request seeks both the printout of the data and the data file in its original format.  This Request is intended to cover data for as long as it was recorded before, during and after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:**

Any data (whether or not downloaded or retrieved) from any barge(s) attached to the M/V Bobby Thompson or any part or system from the barge(s) (e.g., event data recorder). This Request seeks both the printout of the data and the data file in its original format.  This Request is intended to cover data for as long as it was recorded before, during and after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:**

If the M/V Bobby Thompson was equipped with a directional warning system or collision and/or allision warning system, produce the printout of the downloaded data and, to the degree possible, the data file in its original format.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:**

All e-mails between Baer and Whitetail for the time period beginning 30 days prior to the Subject Incident and the date suit was filed.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 31:**

All communications and transmissions between Baer and Whitetail that were transmitted through any system on-board the M/V Bobby Thompson or barge(s) attached to the M/V Bobby Thompson for the period beginning 30 days before the Subject Incident and ending seven days after the Subject Incident.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 32:**

If the M/V Bobby Thompson was equipped with any on-board audio or video recording or monitoring devices and/or any other pilot and/or operator safety monitoring system, produce all data that was retrieved or could be retrieved from such devices and systems.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33:**

To the degree that it has not been produced in response to other Requests above, all data of any kind that was recovered from the M/V Bobby Thompson and/or anything inside or connected to any part or system of the M/V Bobby Thompson and/or barge(s) that were involved in the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**

All out of service reports or violations concerning the M/V Bobby Thompson and/or the barge(s) attached to the M/V Bobby Thompson from the period beginning six months prior to the Subject Incident through the present.  This Request includes any supplements, responses, amendments and dispositions regarding any violation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**

All documents given to any person or entity, including any insurance company, in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc., to the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**

For the M/V Bobby Thompson and barge(s) attached to the M/V Bobby Thompson, all Inspection Reports from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

All pre-trip inspection reports for the trip that involved the Subject Incident and three months prior to the date of the Subject Incident for the M/V Bobby Thompson and barge(s) attached to the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to the cargo being driven by Baer at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the cargo.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to any investigation done by or on behalf of Whitetail of the scene of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

All documents authored in the ordinary course of business by anyone working for or on behalf of Whitetail that set forth any facts relating to the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 41:

All documents prepared in the ordinary course of business relating to the cause of the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 42:

All documents assessing the preventability of and/or fault for the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 43:

All photographs, videos, computer simulations, and any other documents depicting: (a) any vessel involved in the Subject Incident; (b) any person involved in the Subject Incident; (c) the scene of the Subject Incident; and/or (d) any evidence relevant to the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 44:

All reports prepared in the ordinary course of business relating to the Subject Incident including those prepared by Baer and those prepared by anyone working for or on behalf of Whitetail (except lawyers).

RESPONSE:

## REQUEST FOR PRODUCTION NO. 45:

All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 46:

All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:**

If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following: (a) all documents and other materials of any kind reviewed by said board or entity; (b) all reports and documents generated by said board or entity; (c) documents evidencing who was on the board; (d) documents evidencing all criteria for review; and (e) determination of preventability and all other conclusions reached by said board or entity.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:**

All documents sent to or received from any governmental agency regarding the Subject Incident, Baer, or any subject that is part of the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49:**

All Whitetail policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

a.  Working for or with a commercial motor vessel operating company generally (e.g., employee manual or handbook);
b.  Operation of any motor vessel (e.g., piloting manuals or handbooks, and the like);
c.  Operation of a commercial motor vessel;
d.  Piloting and/or operating safety;
e.  Defensive piloting and/or operating;
f.  Compliance with federal (e.g., U.S. Coast Guard) and state laws and regulations;
g.  Accident investigation;
h.  Accident review boards;
i.  Determination of preventability of accidents;
j.  Hiring, training and supervising pilots and/or operators; and
k.  Disciplinary actions.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:**

All documents that Baer signed to prove that he received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Whitetail.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 51:**

All Whitetail rules, policies, procedures, guidelines, piloting and/or operating manuals, employee handbooks or manuals, or other similar documents that were not provided to Baer before the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 52:**

All pilot and/or operator safety training films, videos, videotapes, videocassettes, audio cassettes, computer programs, simulators, pilot and/or operator diagnostic records or tests, maintained by you, or used by you, your personnel, agents, or employees during the year of the Subject Incident and three years prior.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 53:**

All industry and/or other guidelines and/or practices that you rely on to support your contentions in this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 54:**

All documents showing the hierarchy of managerial positions at Whitetail and who occupied such positions as of the time of the Subject Incident and presently.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 55:**

All documents (including articles and presentations) prepared and/or presented by any Whitetail representative relating to the safe operation of a commercial motor vessel and/or the safe operation of a commercial motor vessel operating company in the past five years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 56:**

All company newsletters distributed during the time period beginning two years before the Subject Incident and present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 57:**

All lease and trip lease contracts applicable to Baer and/or the M/V Bobby Thompson for the six months preceding the date of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 58:**

Any contract under which you were operating the M/V Bobby Thompson at the time of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 59:**

Whitetail's accident register.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 60:**

Transcripts or recordings of all depositions of corporate designees for Whitetail given in the past five years in cases where it was alleged that a pilot and/or commercial motor vessel operator or employee working for Whitetail caused injury or death to another person.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 61:**

All documents placing any third party on notice of a claim arising from the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 62:**

All correspondence and other communications between you and Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 63:**

All documents and other materials which support any contention that the Subject Incident was the fault of anyone other than Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 64:**

All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 65:

All documents or things that you contend are evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 66:

All documents or things that you contend evidence or support your denial of any of Plaintiff's Requests for Admissions.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 67:

If any surveillance of Plaintiffs has been undertaken by or on behalf of Whitetail, all reports, photographs, videos and anything else generated through that surveillance.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 68:

All documents setting forth the relationship between you and Inland.  This includes, but is not limited to all leases, contracts, operating agreements, memoranda and the like, including but not limited to all such documents relating to the M/V Bobby Thompson.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 69:

To the extent not requested in or produced in response to any of the foregoing Requests, all vessel logs for the M/V Bobby Thompson for the 30 days before the Subject Incident and 15 days thereafter.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 70:

To the extent not requested in or produced in response to any of the foregoing Requests, all email and/or other electronic communications/messaging sent between the M/V Bobby Thompson and Whitetail and/or Inland in the 48 hours before the Subject Incident and the 24 hours thereafter.

RESPONSE:

This April 18, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## **REQUEST FOR SERVICE OF PROCESS**

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

**IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **ANNETTE C. BLAIR,** | * | |
| **as Administratrix of the Estate of** | * | |
| **JAMES RAY BLAIR, JR., Deceased,** | * | |
| **TINA HITCHCOCK, and** | * | **Case No.: CV – 2022-_____** |
| **HANNAH SMITH,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| ***v.*** | * | |
| | * | |
| **WHITETAIL VESSEL COMPANY,** | * | |
| **LLC, INLAND MARINE SERVICE,** | * | |
| **INC., JOSEPH BAER, and Fictitious** | * | |
| **Defendants "A," "B," and "C," whether** | * | |
| **singular or plural, those other persons,** | * | |
| **corporations, firms or other entities** | * | |
| **whose wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to Plaintiffs, all of whose true** | * | |
| **and correct names are unknown to** | * | |
| **Plaintiffs at this time, but will be added** | * | |
| **by amendment when ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT WHITETAIL VESSEL COMPANY**

Comes now the Plaintiffss, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, WHITETAIL VESSEL COMPANY, admit or deny the following:

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that on August 7, 2021, Whitetail was the owner of the M/V Bobby Thompson.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that on August 7, 2021, Whitetail was the operator of the M/V Bobby Thompson.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that on August 7, 2021, Baer was an agent of Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that on August 7, 2021, Baer was an employee of Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time of the Subject Incident, Baer was acting within the course and scope of his employment or agency with Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson with the permission of Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson with the knowledge of Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson as trained by Whitetail.

- 24 -

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that on August 7, 2021, Baer was not operating the M/V Bobby Thompson as trained by Whitetail.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that no act of Decedent or Plaintiffs contributed to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that there was no failure to act by Decedent or Plaintiffs which contributed to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that Baer was a professional motor vessel pilot on the date and at the time of the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that Baer was negligent in connection with the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that Baer's negligence was a contributing cause of the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Subject Incident was not an "unavoidable accident" as that term is defined under maritime law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that at the time of the Subject Incident, Baer was not confronted with a "sudden emergency" as that term is defined under maritime law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that there were no visual obstructions preventing Baer from seeing Plaintiffs' Boat prior to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that Baer saw Plaintiffs' Boat at least 1,000 feet before impacting it.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that no mechanical or service issue or problem with the M/V Bobby Thompson caused or contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that a steering error by Baer contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that there was a steering malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that you knew there was a steering malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit that a steering malfunction on the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit that there was a radar malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit that you knew there was a radar malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit that a radar malfunction on the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit that the separation and/or breaking away of one or more barges from the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

This April 18, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

ELECTRONICALLY FILED
4/18/2022 4:49 PM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

## IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA

| | |
|---|---|
| ANNETTE C. BLAIR,<br>as Administratrix of the Estate of<br>JAMES RAY BLAIR, JR., Deceased,<br>TINA HITCHCOCK, and<br>HANNAH SMITH,<br><br>  Plaintiffs,<br><br> *v.*<br><br>WHITETAIL VESSEL COMPANY,<br>LLC, INLAND MARINE SERVICE,<br>INC., JOSEPH BAER, and Fictitious<br>Defendants "A," "B," and "C," whether<br>singular or plural, those other persons,<br>corporations, firms or other entities<br>whose wrongful conduct caused or<br>contributed to cause the injuries and<br>damages to Plaintiffs, all of whose true<br>and correct names are unknown to<br>Plaintiffs at this time, but will be added<br>by amendment when ascertained,<br><br>  Defendants. | Case No.:  CV – 2022-_____ |

---

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INLAND MARINE SERVICE, INC.

---

COMES NOW the Plaintiffs, by counsel, and propounds the following interrogatories to

the Defendant, INLAND MARINE SERVICE, INC., pursuant to Rule 33 of the A.R.C.P. to be

answered under oath within 45 days of service hereof:

### <u>DEFINITIONS</u>

1.    **<u>Document</u>** as used herein shall be given a very broad definition to include every type of
paper, writing, data, record, graphic, drawing, photograph, audio recording and video
recording.  The term includes material in all forms, including printed, written, recorded,
or other.  The term includes all files, records and data contained in any computer system,

computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      **Plaintiffs** means Annette C. Blair, as Administratrix of the Estate of James Ray Blair, Jr., Deceased, Tina Hitchcock and Hannah Smith.

3.      **Decedent** means James Ray Blair, Jr., Deceased.

4.      **Hitchcock** means Plaintiff Tina Hitchcock.

5.      **Smith** means Plaintiff Hannah Smith.

6.      **Plaintiffs' Boat** means the 14-foot recreational vessel occupied by Decedent, Hitchcock and Smith involved in the Subject Incident.

7.      **M/V Bobby Thompson** means the large commercial tugboat/barge owned and/or operated by Whitetail and Inland involved in the Subject Incident.

8.      **Subject Incident** means the collision and/or allision between the M/V Bobby Thompson and Plaintiffs' Boat, which occurred on August 7, 2021 in Jackson County, Alabama.

9.      **Whitetail** means Defendant Whitetail Vessel Company, LLC, as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party.

10.     **Inland** means Defendant Inland Marine Service, Inc., as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party

11.     **You**, **your** or **Baer** means Defendant Joseph Baer.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the following people: (a) The Safety Director/Chief Safety Officer for Inland on the date of the Subject Incident and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at Inland on the date of the Subject Incident and now; (c) The person(s) responsible for training Baer; and (d) Baer's supervisor and manager on the date of the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 2:**

For each claim (formal or informal) and lawsuit wherein it is/was suggested or alleged that any person was injured or killed as a result of Inland's pilot's and/or operator's actions in the past three (3) years, provide the style of the case (or name of parties, jurisdiction and case number), and describe briefly the circumstances of each suit/claim and the disposition.

**ANSWER:**

**INTERROGATORY NO. 3:**

With respect to the M/V Bobby Thompson, provide the following information:

    (a)    The registered owner, lessor (if any) and lessee (if any) on the date of the Subject Incident and presently;

    (b)    The mileage and gross weight at the time of the Subject Incident;

    (c)    All systems and devices in or on the M/V Bobby Thompson that have the capability of recording and or transmitting any data about its operation (including without limitation Engine Control Module, Event Data Recorder, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.) and state whether or not that data has been preserved and/or downloaded;

    (d)    All systems and devices of any kind in or on the M/V Bobby Thompson that allowed for communication between the pilot/operator and any other person or entity and state whether the data for the time period of the Subject Incident has been preserved;

    (e)    All systems and devices of any kind in or on the M/V Bobby Thompson that have the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision, allision or directional warning system;  any pilot and/or operator safety monitoring or hours of service monitoring system;  any transponders or tachographs;  any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder,

GPS system, satellite systems, or cellular systems) and state whether the data for the time period of the Subject Incident has been preserved; and

(f)      All maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

**ANSWER:**

**INTERROGATORY NO. 4:**

With respect to the trip that Baer was on at the time of the Subject Incident, provide the following information:

(a)      Where and when (date and time) Baer picked up the cargo he was driving at the time of the Subject Incident;

(b)      Where (name and address of location) and when (date and time) the cargo was to be delivered;

(c)      The location, time, duration and reason for each stop Baer made from the time he picked up the cargo until the time of the Subject Incident; and

(d)      The route Baer intended to follow from the point of origin to the point of destination.

**ANSWER:**

**INTERROGATORY NO. 5:**

With respect to Baer's Hours of Service (HOS) in the eight (8) days leading up to the date of the Subject Incident, provide the following information:

(a)      Identify all errors on Baer's logs of which you are aware;

(b) Identify all HOS violations of which you are aware; and

(c)      Explain what you have done, if anything, to audit or verify the accuracy of Baer's logs and identify all persons involved in the process.

**ANSWER:**

**INTERROGATORY NO. 6:**

For the 72 hours leading up to the Subject Incident, provide the following information regarding Baer:

(a) His piloting and/or operating hours;

(b) His on-duty non-piloting and/or non-operating hours (location and activities);

(c) His stops (time and location) and the reason for them;

(d) When and where his meals were eaten;

(e) When and where he slept; and

(f)      When and where and in what dosages he took any medications (prescription and

over the counter).

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by Inland regarding Baer at any time, including with respect to the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify all commercial motor vessel operating violations (e.g., rules of the road) committed by Baer either while in your employ or in previous employment.

**ANSWER:**

**INTERROGATORY NO. 9:**

If Baer has ever been arrested or charged with any crime to your knowledge, for each arrest or charge identify the charge, date, jurisdiction and disposition.

**ANSWER:**

**INTERROGATORY NO. 10:**

For each commercial motor vessel collision, allision and/or accident involving Baer of which you are aware, provide the collision/allision/accident date, location, jurisdiction, names of other parties involved and a brief description of what happened.

**ANSWER:**

**INTERROGATORY NO. 11:**

If Baer was disqualified from piloting and/or operating a commercial motor vessel while in your employ, describe when and under what circumstances.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify and describe all communications between Baer and anyone acting for or on behalf of Inland during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Incident.  For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**ANSWER:**

**INTERROGATORY NO. 13:**

State your understanding of <u>how</u> and <u>why</u> the Subject Incident occurred.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify each person (name and employer) who has been involved in the investigation of the Subject Incident.  For each person identified, describe their role and involvement in the investigation.

**ANSWER:**

**INTERROGATORY NO. 15:**

State whether any drug and/or alcohol tests (blood, urine or otherwise) were performed on Baer after the Subject Incident.  If so, state the time at which the test was administered; the name, address and phone number of the persons, firms, or entities who administered said test(s); all such persons, firms, or entities in possession of a copy of the results of said test(s); and the results of the tests.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you maintain that any non-party has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in Plaintiffs' operative complaint, identify each such person and or entity and state the basis for their claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 17:**

If you maintain that Decedent or Plaintiffs have any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in the Plaintiffs' operative complaint, describe the basis for this claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 18:**

If Inland has performed any review (e.g., accident review board, preventability determination) of the Subject Incident to determine preventability and/or fault, identify all persons involved in the review, the dates of the review, and the conclusions that were reached.

**ANSWER:**

**INTERROGATORY NO. 19:**

For each of Plaintiff's Requests for Admissions to Inland that you did not admit without qualification, explain the reason for your refusal to admit.

**ANSWER:**

**INTERROGATORY NO. 20:**

If anyone working for or on behalf of Inland has engaged in any surveillance of Plaintiffs or anyone associated with Plaintiffs, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**ANSWER:**

## REQUESTS FOR PRODUCTION

COMES NOW the Plaintiffs, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that the Defendant produce for inspection and/or copying by Plaintiffs' counsel the following documents set forth below. As an alternative the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within forty-five (45) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiffs may take appropriate remedial steps if

necessary. The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Each document utilized by you in responding to Plaintiff's First Set of Interrogatories to Inland.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

The document retention policy in effect for Inland at any time between the Subject Incident and the present.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All documents setting forth the relationship between Baer and Inland.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum and the like.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

Baer's qualification file, personnel file, investigation file, history file and all documents that demonstrate compliance with federal (e.g., U.S. Coast Guard) and state motor vessel pilot and/or motor vessel operation qualification laws and regulations.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 6:

All documents that relate to any pre-employment background investigation of Baer, including without limitation any investigation of Baer's qualifications, character, piloting and/or motor vessel operating history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Inland.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 7:

All documents that relate to your recruiting of Baer.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:

All documents that relate to your hiring Baer.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:

All documents that relate to any orientation provided by Inland to Baer in connection with his hiring.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 10:

All documents that relate to training of Baer. This includes but is not limited to all documents that show all training received by Baer; when, where and who provided the training; and all materials used for training.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 11:

All quizzes, tests and/or other assessments (questions and answers) ever given by or on behalf of Inland to Baer.  An answer key should also be provided.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

All documents (a) explaining how Baer was compensated for the one month leading up to and including the date of the Subject Incident and extending one week after the date of the Subject Incident; and (b) showing any detention of wages over the same time period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

A copy of the front and back of every pilot's and/or commercial motor vessel operator's license issued to Baer (regardless of name used) in your possession, custody and/or control.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

All documents that relate to notice to you of any violation by Baer of any law, ordinance or regulation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any and all blood, urine, hair or other type of drug or alcohol testing of Baer in your possession, custody and/or control.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to any violation of any safety rule or principle relating to operating a commercial motor vessel by Baer at any time.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**

All documents that relate to any action (formal or informal) by any supervisor or manager or

anyone working by or on behalf of Inland directed to Baer for the purpose of teaching, counseling, disciplining, correcting or otherwise managing Baer in any way relating to the safe operation of a commercial motor vessel.  This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**

All documents in your possession relating to any motor vessel collision, allision and/or accident of any kind in which Baer has been involved.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to any complaint, criticism or concern raised by any person or entity regarding the piloting and/or commercial motor vessel operating performance and/or safety of Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**

For each communication device (e.g., cell phones, radios, PDAs, smartphones, texting and e-mailing devices, etc.) that was on the M/V Bobby Thompson at the time of the Subject Incident, produce all documents reflecting usage and billing for the time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident.  This includes all devices, whether owned by Baer or not, and whether or not such devices were in use at the time of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:**

All documents prepared by Baer that describe the Subject Incident or the circumstances leading up to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:**

All documents evidencing any evaluation of the piloting and/or operating abilities, safety, and/or performance of Baer that has not been produced in response to any other Request.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:**

All of Baer's hours of service/operation logs and any other piloting and/or operating logs and/or time sheets for the period beginning 30 days before the Subject Incident and ending 7 days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

In addition to the documents responsive to the preceding Request, all documents in your possession custody or control that demonstrate what Baer was doing for the time period beginning 14 days before the Subject Incident and ending two days following the Subject Incident.  The requested documents include all documents that a motor vessel inspector might use to audit the logs of this operator, including, but not limited to:

    a.    All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.    All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

    c.    All documents related to trips (including trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), trip check and settlement sheets, dispatch records, mileage reports, weight records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

    d.    All documents evidencing any and all stops; and

    e.    All call-in reports and any other documentation of any communications between you and Baer.

    **PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL MOTOR VESSEL OPERATING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

All audits and summaries of Baer's hours of service covering the period beginning six months

prior to the Subject Incident and ending 14 days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

For the M/V Bobby Thompson – and any barge(s) attached to the M/V Bobby Thompson at the time of the Subject Incident – the following documents:

      a.      Title;
      b.      Registration;
      c.      Operator's manual;
      d.      Maintenance Schedules;
      e.      Maintenance records for 6 months before the Subject Incident;
      f.      Inspection records for 6 months before the Subject Incident;
      g.      Repair and/or modification records for 6 months before the Subject Incident;
      h.      Any logbook, ledger, file or the like maintained for any reason regarding the vessel and barge(s).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

Any data (whether or not downloaded or retrieved) from the M/V Bobby Thompson or any part or system from the M/V Bobby Thompson (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, brake system, or any other "black box" system). This Request seeks both the printout of the data and the data file in its original format.  This Request is intended to cover data for as long as it was recorded before, during and after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:**

Any data (whether or not downloaded or retrieved) from any barge(s) attached to the M/V Bobby Thompson or any part or system from the barge(s) (e.g., event data recorder). This Request seeks both the printout of the data and the data file in its original format.  This Request is intended to cover data for as long as it was recorded before, during and after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:**

If the M/V Bobby Thompson was equipped with a directional warning system or collision and/or allision warning system, produce the printout of the downloaded data and, to the degree possible, the data file in its original format.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 30:

All e-mails between Baer and Inland for the time period beginning 30 days prior to the Subject Incident and the date suit was filed.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 31:

All communications and transmissions between Baer and Inland that were transmitted through any system on-board the M/V Bobby Thompson or barge(s) attached to the M/V Bobby Thompson for the period beginning 30 days before the Subject Incident and ending seven days after the Subject Incident.  This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet and other transportation service and product providers.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 32:

If the M/V Bobby Thompson was equipped with any on-board audio or video recording or monitoring devices and/or any other pilot and/or operator safety monitoring system, produce all data that was retrieved or could be retrieved from such devices and systems.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 33:

To the degree that it has not been produced in response to other Requests above, all data of any kind that was recovered from the M/V Bobby Thompson and/or anything inside or connected to any part or system of the M/V Bobby Thompson and/or barge(s) that were involved in the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 34:

All out of service reports or violations concerning the M/V Bobby Thompson and/or the barge(s) attached to the M/V Bobby Thompson from the period beginning six months prior to the Subject Incident through the present.  This Request includes any supplements, responses, amendments and dispositions regarding any violation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**

All documents given to any person or entity, including any insurance company, in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc., to the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**

For the M/V Bobby Thompson and barge(s) attached to the M/V Bobby Thompson, all Inspection Reports from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

All pre-trip inspection reports for the trip that involved the Subject Incident and three months prior to the date of the Subject Incident for the M/V Bobby Thompson and barge(s) attached to the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to the cargo being driven by Baer at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the cargo.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

All documents related to any investigation done by or on behalf of Inland of the scene of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

All documents authored in the ordinary course of business by anyone working for or on behalf of Inland that set forth any facts relating to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**

All documents prepared in the ordinary course of business relating to the cause of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42:**

All documents assessing the preventability of and/or fault for the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43:**

All photographs, videos, computer simulations, and any other documents depicting: (a) any vessel involved in the Subject Incident; (b) any person involved in the Subject Incident; (c) the scene of the Subject Incident; and/or (d) any evidence relevant to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

All reports prepared in the ordinary course of business relating to the Subject Incident including those prepared by Baer and those prepared by anyone working for or on behalf of Inland (except lawyers).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**

All correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:**

All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation and/or damages in this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:**

If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following: (a) all documents and other materials of any kind reviewed by said board or entity; (b) all reports and documents generated by said board or entity; (c) documents evidencing who was on the board; (d) documents evidencing all criteria for review; and (e) determination of preventability and all other conclusions reached by said board or entity.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:**

All documents sent to or received from any governmental agency regarding the Subject Incident, Baer, or any subject that is part of the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49:**

All Inland policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect at the time of the Subject Incident, relating to:

      a.      Working for or with a commercial motor vessel operating company generally (e.g., employee manual or handbook);
      b.      Operation of any motor vessel (e.g., piloting manuals or handbooks, and the like);
      c.      Operation of a commercial motor vessel;
      d.      Piloting and/or operating safety;
      e.      Defensive piloting and/or operating;
      f.      Compliance with federal (e.g., U.S. Coast Guard) and state laws and regulations;
      g.      Accident investigation;
      h.      Accident review boards;
      i.      Determination of preventability of accidents;
      j.      Hiring, training and supervising pilots and/or operators; and
      k.      Disciplinary actions.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:**

All documents that Baer signed to prove that he received and/or agreed to be bound by any policies, procedures, rules, guidelines and/or standards of Inland.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 51:**

All Inland rules, policies, procedures, guidelines, piloting and/or operating manuals, employee handbooks or manuals, or other similar documents that were not provided to Baer before the Subject Incident.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 52:

All pilot and/or operator safety training films, videos, videotapes, videocassettes, audio cassettes, computer programs, simulators, pilot and/or operator diagnostic records or tests, maintained by you, or used by you, your personnel, agents, or employees during the year of the Subject Incident and three years prior.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 53:

All industry and/or other guidelines and/or practices that you rely on to support your contentions in this case.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 54:

All documents showing the hierarchy of managerial positions at Inland and who occupied such positions as of the time of the Subject Incident and presently.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 55:

All documents (including articles and presentations) prepared and/or presented by any Inland representative relating to the safe operation of a commercial motor vessel and/or the safe operation of a commercial motor vessel operating company in the past five years.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 56:

All company newsletters distributed during the time period beginning two years before the Subject Incident and present.

RESPONSE:
## REQUEST FOR PRODUCTION NO. 57:

All lease and trip lease contracts applicable to Baer and/or the M/V Bobby Thompson for the six months preceding the date of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 58:**

Any contract under which you were operating the M/V Bobby Thompson at the time of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 59:**

Inland's accident register.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 60:**

Transcripts or recordings of all depositions of corporate designees for Inland given in the past five years in cases where it was alleged that a pilot and/or commercial motor vessel operator or employee working for Inland caused injury or death to another person.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 61:**

All documents placing any third party on notice of a claim arising from the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 62:**

All correspondence and other communications between you and Baer.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 63:**

All documents and other materials which support any contention that the Subject Incident was the fault of anyone other than Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 64:**

All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 65:**

All documents or things that you contend are evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 66:**

All documents or things that you contend evidence or support your denial of any of Plaintiff's Requests for Admissions.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 67:**

If any surveillance of Plaintiffs has been undertaken by or on behalf of Inland, all reports, photographs, videos and anything else generated through that surveillance.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 68:**

All documents setting forth the relationship between you and Inland.  This includes, but is not limited to all leases, contracts, operating agreements, memoranda and the like, including but not limited to all such documents relating to the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 69:**

To the extent not requested in or produced in response to any of the foregoing Requests, all vessel logs for the M/V Bobby Thompson for the 30 days before the Subject Incident and 15 days thereafter.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 70:**

To the extent not requested in or produced in response to any of the foregoing Requests, all email and/or other electronic communications/messaging sent between the M/V Bobby Thompson and Inland and/or Inland in the 48 hours before the Subject Incident and the 24 hours thereafter.

RESPONSE:

This April 18, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

**IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| ANNETTE C. BLAIR, | * | |
| as Administratrix of the Estate of | * | |
| JAMES RAY BLAIR, JR., Deceased, | * | |
| TINA HITCHCOCK, and | * | Case No.:  CV – 2022-_____ |
| HANNAH SMITH, | * | |
| | * | |
|   Plaintiffs, | * | |
| | * | |
|  *v.* | * | |
| | * | |
| WHITETAIL VESSEL COMPANY, | * | |
| LLC, INLAND MARINE SERVICE, | * | |
| INC., JOSEPH BAER, and Fictitious | * | |
| Defendants "A," "B," and "C," whether | * | |
| singular or plural, those other persons, | * | |
| corporations, firms or other entities | * | |
| whose wrongful conduct caused or | * | |
| contributed to cause the injuries and | * | |
| damages to Plaintiffs, all of whose true | * | |
| and correct names are unknown to | * | |
| Plaintiffs at this time, but will be added | * | |
| by amendment when ascertained, | * | |
| | * | |
|   Defendants. | * | |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT INLAND MARINE SERVICE, INC**.

Comes now the Plaintiffs, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, INLAND MARINE SERVICE, INC., admit or deny the following:

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that on August 7, 2021, Inland was the owner of the M/V Bobby Thompson.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that on August 7, 2021, Inland was the operator of the M/V Bobby Thompson.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that on August 7, 2021, Baer was an agent of Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that on August 7, 2021, Baer was an employee of Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time of the Subject Incident, Baer was acting within the course and scope of his employment or agency with Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson with the permission of Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson with the knowledge of Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that on August 7, 2021, Baer was operating the M/V Bobby Thompson as trained by Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that on August 7, 2021, Baer was not operating the M/V Bobby Thompson as trained by Inland.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that no act of Decedent or Plaintiffs contributed to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that there was no failure to act by Decedent or Plaintiffs which contributed to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that Baer was a professional motor vessel pilot on the date and at the time of the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that Baer was negligent in connection with the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that Baer's negligence was a contributing cause of the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Subject Incident was not an "unavoidable accident" as that term is defined under maritime law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that at the time of the Subject Incident, Baer was not confronted with a "sudden emergency" as that term is defined under maritime law.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that there were no visual obstructions preventing Baer from seeing Plaintiffs' Boat prior to the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that Baer saw Plaintiffs' Boat at least 1,000 feet before impacting it.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that no mechanical or service issue or problem with the M/V Bobby Thompson caused or contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that a steering error by Baer contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that there was a steering malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that you knew there was a steering malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit that a steering malfunction on the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit that there was a radar malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit that you knew there was a radar malfunction on the M/V Bobby Thompson on August 7, 2021.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit that a radar malfunction on the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**

Admit that the separation and/or breaking away of one or more barges from the M/V Bobby Thompson contributed to cause the Subject Incident.

**RESPONSE:**

This April 18, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**

**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

ELECTRONICALLY FILED
4/18/2022 4:49 PM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

## IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **ANNETTE C. BLAIR,** | * | |
| **as Administratrix of the Estate of** | * | |
| **JAMES RAY BLAIR, JR., Deceased,** | * | |
| **TINA HITCHCOCK, and** | * | **Case No.:  CV – 2022-_____** |
| **HANNAH SMITH,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **WHITETAIL VESSEL COMPANY,** | * | |
| **LLC, INLAND MARINE SERVICE,** | * | |
| **INC., JOSEPH BAER, and Fictitious** | * | |
| **Defendants "A," "B," and "C," whether** | * | |
| **singular or plural, those other persons,** | * | |
| **corporations, firms or other entities** | * | |
| **whose wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to Plaintiffs, all of whose true** | * | |
| **and correct names are unknown to** | * | |
| **Plaintiffs at this time, but will be added** | * | |
| **by amendment when ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOSEPH BAER

COMES NOW the Plaintiffs, by counsel, and propounds the following interrogatories to the Defendant, JOSEPH BAER, pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

### DEFINITIONS

1. **Document** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape,

backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   **Plaintiffs** means Annette C. Blair, as Administratrix of the Estate of James Ray Blair, Jr., Deceased, Tina Hitchcock and Hannah Smith.

3.   **Decedent** means James Ray Blair, Jr., Deceased.

4.   **Hitchcock** means Plaintiff Tina Hitchcock.

5.   **Smith** means Plaintiff Hannah Smith.

6.   **Plaintiffs' Boat** means the 14-foot recreational vessel occupied by Decedent, Hitchcock and Smith involved in the Subject Incident.

7.   **M/V Bobby Thompson** means the large commercial tugboat/barge owned and/or operated by Whitetail and Inland involved in the Subject Incident.

8.   **Subject Incident** means the collision and/or allision between the M/V Bobby Thompson and Plaintiffs' Boat, which occurred on August 7, 2021 in Jackson County, Alabama.

9.   **Whitetail** means Defendant Whitetail Vessel Company, LLC, as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party.

10.  **Inland** means Defendant Inland Marine Service, Inc., as well as its departments, agencies, subdivisions, employees, pilots, independent contractors, owner operators, trip lessors, attorneys, investigators, brokers, agents, and/or any other representatives of said party

11.  **You**, **your** or **Baer** means Defendant Joseph Baer.


## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

State your full name, address, date of birth, present employer, and social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**

Describe any information you possess indicating that there was any defect, malfunction or failure on the part of the M/V Bobby Thompson at the time of the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 3:**

If you were acting within the course and scope of any agency, employment or service at the time of the Subject Incident, identify each party or entity for whom you were acting.

**ANSWER:**

**INTERROGATORY NO. 4:**

For each commercial motor vessel pilot's and/or operator's license you have had in the past seven (7) years, identify the agency of issue, the date of issue, the number, if such license was ever suspended or revoked, and whether or not it was a commercial motor vessel license.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify each motor vessel (commercial or recreational) collision and/or allision that you have been involved in during the past 10 years and for each collision/allision describe what happened, where the collision/allision occurred, the names of the other individuals involved, who was at fault, and whether there were any injuries.

**ANSWER:**

**INTERROGATORY NO. 6:**
Describe any motor vessel (commercial or recreational) citation you received during the five (5) years before the date of the Subject Incident by stating the name and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, forfeit, bail, fine, trial, etc.) of disposition of the citation.

**ANSWER:**

**INTERROGATORY NO. 7:**

If you have ever been convicted at any time of a felony, for each conviction identify the charge, jurisdiction, conviction date, and sentence/disposition.

**ANSWER:**

**INTERROGATORY NO. 8:**

For every instance when your motor vessel (commercial or recreational) piloting and/or operating privileges have been suspended, revoked, canceled, restricted, limited or disqualified in any way, explain why, when and by whom.

**ANSWER:**

**INTERROGATORY NO. 9:**

Have you had any medical condition in the past five (5) years that could affect your ability to operate a commercial motor vessel (including without limitation any condition affecting vision, hearing, blood pressure, nervous system, endocrine system, motor skills, sensory abilities, etc.)? If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**ANSWER:**

**INTERROGATORY NO. 10:**

Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)?  If so, explain whether you were a plaintiff, defendant, or witness, and identify the style, jurisdiction, date and nature of the lawsuit.

**ANSWER:**

**INTERROGATORY NO. 11:**

As to your work with Whitetail and/or Inland, provide the following information:

     (a)     Your status on the date of Subject Incident (company employed, leased, independent contractor, other);

     (b)     How you were paid (by hour, by load, by mile, salary or other);

     (c)     Identify and explain all instances when you were disciplined, counseled, reprimanded, written up, or had any negative employment action taken against you; and

(d)      If you have been terminated, explain when and why you were terminated.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify your primary supervisor(s) and manager(s) at Whitetail and/or Inland at the time of the Subject Incident.

**ANSWER:**

**INTERROGATORY NO. 13:**

State your understanding of <u>how</u> and <u>why</u> the Subject Incident occurred.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify each person with whom you communicated in any way regarding the Subject Incident at any time and provide the details of when, why, where, and for what purpose these communications occurred. Communications for which you assert a privilege should be identified on a privilege log.

**ANSWER:**

**INTERROGATORY NO. 15:**

If you maintain that any person or entity other than you, Whitetail and/or Inland has any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in Plaintiffs' operative complaint, identify each such person and/or entity, and describe the basis for their claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you maintain that Decedent or Plaintiffs had any responsibility of any kind for causing the Subject Incident, and/or for causing any of the damages alleged in Plaintiffs' operative complaint, describe the basis for such claimed responsibility.

**ANSWER:**

**INTERROGATORY NO. 17:**

Were you given any drug and/or alcohol tests (blood, urine or otherwise) after the Subject

Incident occurred?  If so, state the time at which the test was administered; the name, address and phone number of the persons, firms, or entities who administered said test(s); all such persons, firms, or entities in possession of a copy of the results of said test(s); and the results of the tests.

**ANSWER:**

**INTERROGATORY NO. 18:**

List any factual errors you contend are contained in the Alabama Boating Accident Report of the Subject Incident.  For each such alleged error, state the facts upon which you rely to support your contention.

**ANSWER:**

**INTERROGATORY NO. 19:**

Do you accept responsibility for causing the Subject Incident?  Explain why or why not.

**ANSWER:**

**INTERROGATORY NO. 20:**

If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the 72-hour period immediately before the Subject Incident, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

**ANSWER:**

**INTERROGATORY NO. 21:**

Describe where you were and what you were doing during the 72 hours immediately prior to and the 48 hours immediately following the Subject Incident.  This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty.

**ANSWER:**

**INTERROGATORY NO. 22:**

For each communication device (cell phone, walkie-talkie or other such device) that was on the M/V Bobby Thompson at the time of the Subject Incident, explain whether or not the device was in use at any time in the hour preceding the Subject Incident and identify the service provider, account number, phone number and owner.

**ANSWER:**

## <u>REQUESTS FOR PRODUCTION</u>

COMES NOW the Plaintiffs, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that the Defendant produce for inspection and/or copying by Plaintiffs' counsel the following documents set forth below. As an alternative the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within forty-five (45) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiffs may take appropriate remedial steps if necessary. The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

## <u>REQUESTS FOR PRODUCTION</u>

### <u>REQUEST FOR PRODUCTION NO. 1:</u>

Each document relied on by you in responding to Plaintiff's Interrogatories to you.

RESPONSE:

### <u>REQUEST FOR PRODUCTION NO. 2:</u>

All reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

All documents setting forth the relationship between you, Whitetail and/or Inland.  This includes, but is not limited to all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memoranda and the like.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:**

All documents that relate to your qualifications to operate a commercial motor vessel.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

All documents that relate to work you have done for any commercial motor vessel operating company in the past seven (7) years.  This includes any documents you prepared for any such company and any documents you ever received from any such company.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**

All medical certificates for you for the past seven (7) years.
RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**

All blood and/or urine test results for you for the past seven (7) years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate in any way to your orientation at Whitetail and/or Inland.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**

All documents that relate in any way to your training to operate a commercial motor vessel.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

A copy of the front and back of every commercial motor vessel pilot's and/or operator's license issued to you (regardless of name used).

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to notice to Whitetail and/or Inland of any violation of any law, ordinance or regulation committed by you.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

All citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five (5) years while piloting and/or operating any motor vessel, including both commercial and recreational vessels.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

All documents that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Whitetail and/or Inland directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial motor vessel.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to any motor vessel (commercial and/or recreational) collision, allision and/or accident of any kind in which you were involved in the past five (5) years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

For each communication device (e.g., cell phones, radios, PDAs, smartphones, texting and e-mailing devices, etc.) that was on the M/V Bobby Thompson at the time of the Subject Incident,

produce all documents reflecting usage and billing for the time period beginning 48 hours before the Subject Incident and ending 48 hours after the Subject Incident.  This includes all devices, whether owned by you or not, and whether or not it was in use at the time of the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

Each commercial motor vessel piloting and/or operating history record and/or report regarding you for the last five (5) years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:**

Each personnel file and employment-related file in your possession.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**

All correspondence and other communications between you and any third-party (other than your attorneys) relating to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**

All correspondence and other communications between you, Whitetail and/or Inland relating to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**

All hours of service logs and other time logs in your possession for the period beginning 30 days before the Subject Incident and ending 7 days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:**

In addition to the documents responsive to the preceding Request, all documents showing where you were and what you were doing during the period beginning 14 days before the Subject Incident and ending two days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:**

All audits and summaries of your hours and/or operating logs covering the period beginning six months prior to the Subject Incident and ending 14 days following the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:**

For the period beginning 14 days prior to the Subject Incident and ending 48 hours after the Subject Incident, all of the following documents:

        a.        dispatch records;
        b.        fax transmissions;
        c.        mobile radio records;
        d.        pre-rate records;
        e.        tow records for the M/V Bobby Thompson;
        f.        pick-up and delivery records;
        g.        trip summaries;
        h.        delivery manifests;
        i.        credit card receipts;
        j.        toll tickets;
        k.        fuel receipts;
        l.        weight tickets;
        m.        fuel tax records;
        n.        state entry and departure records;
        o.        expense sheets;
        p.        cargo interchange records;
        q.        bills of lading;
        r.        manifests and waybills;
        s.        rental contracts involving the vessel; and
        t.        seal records for the cargo.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

All out of service orders for the M/V Bobby Thompson.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

For the M/V Bobby Thompson, all inspection reports from the period beginning six months before the Subject Incident and ending one week after the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

All documents that relate, refer and/or discuss in any way the cargo you drove/towed at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the cargo.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

All documents in your possession, custody and/or control relating in any way to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to any investigation done in the regular course of business by or on behalf of you, Whitetail and/or Inland relating to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:**

All documents that set forth any facts leading up to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:**

All documents that relate to what caused the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 31:**

All documents assessing the preventability of and/or fault for the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 32:**

Copies of all photographs, video, computer simulations, and any other documents depicting: (a) any vessel involved in the Subject Incident; (b) any person involved in the Subject Incident; (c) the scene of the Subject Incident; and/or (d) any evidence relevant to the Subject Incident.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 33:**

All reports relating to the Subject Incident in your possession.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**

All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the Subject Incident, the injuries or damages resulting therefrom, or this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**

All documents sent to or received from any governmental agency regarding the Subject Incident and/or your operation of a commercial motor vessel within the past three years.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**
All handbooks and manuals provided to you by Whitetail and/or Inland at any time.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Whitetail and/or Inland.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

All documents and other materials which support any contention that the Subject Incident was the fault of anyone other than you, Whitetail and/or Inland.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

All documents or things that you contend are evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**

All documents or things that you contend evidence or support your denial of any of Plaintiff's Requests for Admissions.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

If any surveillance of Plaintiffs has been undertaken by or on behalf of you, all reports, photographs, video and anything else generated through that surveillance.

RESPONSE:

This April 18, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110

Fax No.  (888)-853-2247

## <u>REQUEST FOR SERVICE OF PROCESS</u>

     The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

                  /s/ *Carson S. Hale*
                  CARSON S. HALE
                  OF COUNSEL

**(the rest of this page left blank intentionally)**

**IN THE CIRCUIT COURT FOR JACKSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **ANNETTE C. BLAIR,** | * | |
| **as Administratrix of the Estate of** | * | |
| **JAMES RAY BLAIR, JR., Deceased,** | * | |
| **TINA HITCHCOCK, and** | * | **Case No.:  CV – 2022-_____** |
| **HANNAH SMITH,** | * | |
| | * | |
|   **Plaintiffs,** | * | |
| | * | |
|   **v.** | * | |
| | * | |
| **WHITETAIL VESSEL COMPANY,** | * | |
| **LLC, INLAND MARINE SERVICE,** | * | |
| **INC., JOSEPH BAER, and Fictitious** | * | |
| **Defendants "A," "B," and "C," whether** | * | |
| **singular or plural, those other persons,** | * | |
| **corporations, firms or other entities** | * | |
| **whose wrongful conduct caused or** | * | |
| **contributed to cause the injuries and** | * | |
| **damages to Plaintiffs, all of whose true** | * | |
| **and correct names are unknown to** | * | |
| **Plaintiffs at this time, but will be added** | * | |
| **by amendment when ascertained,** | * | |
| | * | |
|   **Defendants.** | * | |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT JOSEPH BAER**

Comes now the Plaintiffs, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, JOSEPH BAER, admit or deny the following:

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that you were a professional commercial motor vessel pilot and/or operator on the date and at the time of the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that you were an employee of Whitetail on August 7, 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that you were an employee of Inland on August 7, 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that you were an agent of Whitetail on August 7, 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that you were an agent of Inland on August 7, 2021.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that you were acting within the scope of your employment for Whitetail at the time of the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that you were acting within the scope of your employment for Inland at the time of the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that on August 7, 2021, you were the pilot and/or operator of the M/V Bobby Thompson involved in the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that on August 7, 2021, you were piloting and/or operating the M/V Bobby Thompson as trained by Whitetail.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that on August 7, 2021, you were piloting and/or operating the M/V Bobby Thompson as trained by Inland.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that no act of Decedent or Plaintiffs contributed to the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that there was no failure to act by Decedent or Plaintiffs which contributed to the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that there was no act on the part of anyone other than you and/or Whitetail that contributed to the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that there was no act on the part of anyone other than you and/or Inland that contributed to the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that you were negligent in connection with the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that your negligence was a contributing cause of the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that other than you and Whitetail, there are no other persons or entities that caused and/or contributed to the Subject Incident in any way.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that other than you and Inland, there are no other persons or entities that caused and/or contributed to the Subject Incident in any way.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that the Subject Incident was not an "unavoidable accident" as that term is defined under maritime law.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that at the time of the Subject Incident, you were not confronted with a "sudden emergency" as that term is defined under maritime law.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that there were no visual obstructions preventing you from seeing Plaintiffs' Boat prior to the Subject Incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that you saw Plaintiffs' Boat before impacting it.

**ANSWER:**

This April 18, 2022.

Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs hereby request that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**Whitetail Vessel Company, LLC**
Registered Agent:  Sarah Perry McGee
4500 Clarks River Road,
Paducah, KY 42003

**Inland Marine Service, Inc.**
Registered Agent: David Hammond
1700 Petersburg Road
Hebron, KY, 41048

**Joseph Baer**
633 Bandtly Ridge Drive
Taylor Mill, KY 41015


/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL



**(the rest of this page left blank intentionally)**



AlaFile E-Notice

39-CV-2022-900047.00

To:   CARSON SCOTT HALE
chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following complaint was FILED on 4/18/2022 4:49:00 PM

Notice Date:      4/18/2022 4:49:00 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

To:  WHITETAIL VESSEL COMPANY, LLC
     4500 CLARKS RIVER RD.
     PADUCAH, KY, 42003

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following complaint was FILED on 4/18/2022 4:49:00 PM

Notice Date:     4/18/2022 4:49:00 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

To: INLAND MARINE SERVICE, INC.
1700 PETERSBURG RD.
HEBRON, KY, 41048

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following complaint was FILED on 4/18/2022 4:49:00 PM

Notice Date:     4/18/2022 4:49:00 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

To:   JOSEPH BAER
      633 BANDTLY RIDGE DR.
      TAYLOR MILL, KY, 41015

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following complaint was FILED on 4/18/2022 4:49:00 PM

Notice Date:     4/18/2022 4:49:00 PM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>39-CV-2022-900047.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL**

**NOTICE TO:** WHITETAIL VESSEL COMPANY, LLC, 4500 CLARKS RIVER RD., PADUCAH, KY 42003

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANNETTE C BLAIR
pursuant to the Alabama Rules of the Civil Procedure.
*[Name(s)]*

| 04/18/2022 | /s/ BART BUCHANAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ CARSON SCOTT HALE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                        County,

*(Name of Person Served)*                   *(Name of County)*

Alabama on

*(Date)*

*(Address of Server)*

*(Type of Process Server)*          *(Server's Signature)*

*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>39-CV-2022-900047.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL**

**NOTICE TO:** INLAND MARINE SERVICE, INC., 1700 PETERSBURG RD., HEBRON, KY 41048
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830 .
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANNETTE C BLAIR
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 04/18/2022 | /s/ BART BUCHANAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ CARSON SCOTT HALE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
*(Date)*

_____    _____         _____
*(Type of Process Server)*      *(Server's Signature)*            *(Address of Server)*

                            _____         _____
                            *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>39-CV-2022-900047.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL**

**NOTICE TO:** JOSEPH BAER, 633 BANDTLY RIDGE DR., TAYLOR MILL, KY 41015

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ANNETTE C BLAIR
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 04/18/2022 | /s/ BART BUCHANAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ CARSON SCOTT HALE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*     *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Server's Printed Name)*     *(Phone Number of Server)*

**U.S. Postal Service™**

**CERTIFIED MAIL® RECEIPT**

Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

SCOTTSBORO, AL. 35768

APR 19 2022

Postmark
Here

USPS

Postage

$

Total Postage and Fees

$ *Whitetail Vessel Comp.*

Sent To

Street and Apt. No., or PO Box No. *CV22-900047 D001*

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 0640 0000 1009 4099 9863

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To *Inland Marine SW.*

Street and Apt. No., or PO Box No.

City, State, ZIP+4 *CV22-900047 D002*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 0640 0000 1001 4099 9870

SCOTTSBORO, AL. 35768
APR 19 2022
Postmark Here
USPS

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery  $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

SCOTTSBORO, AL. 35753
APR 19 2022
USPS

Postage

$

Total Postage and Fees

$

Sent To    *Joseph Baer*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®    *CV-22-900047 DO03*

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 0440 0000 7001 4049 9887

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William Vessel Comp. LLC
4500 Clarks River Rd.
Paducah, KY 42003

CV 22-900047 D001

9590 9402 6546 1028 3879 41

2. Article Number (Transfer from service label)

7020 0640 0001 4099 9863

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Warren

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Johna Warren

C. Date of Delivery

04/27/2021

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 6546 1028 3879 41

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Bart Buchanan, Circuit Clerk
102 E. Laurel St., Suite 307
Scottsboro, AL 35768



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:   HALE CARSON SCOTT
      chale@slocumblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was served on 4/22/2022

**D001 WHITETAIL VESSEL COMPANY, LLC**
**Corresponding To**
CERTIFIED MAIL

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was served on 4/22/2022

**D001 WHITETAIL VESSEL COMPANY, LLC**
**Corresponding To**
CERTIFIED MAIL

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was served on 4/22/2022

**D001 WHITETAIL VESSEL COMPANY, LLC**
**Corresponding To**
CERTIFIED MAIL

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov

ELECTRONICALLY FILED
5/17/2022 9:45 AM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

Revised 3/5/08

39-JACKSON

☐ District Court   ☑ Circuit Court

Cas...

CV2...

| ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:*C001 - BLAIR ANNETTE C |
|---|---|

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

CARSON SCOTT HALE

145 E. MAGNOLIA AVE.  SUITE 201

AUBURN, AL 36830

*Attorney Bar No.:* HAL120

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other   Verified Application to Practice Pro Hac Vice | ☐ In Limine |
| pursuant to Rule   VII of the Rules Governing ($325.00)   Admission to the State Bar | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $   0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule           (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>5/17/2022 9:34:15 AM | Signature of Attorney or Party<br>/s/ CARSON SCOTT HALE |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.


ELECTRONICALLY FILED
5/17/2022 9:45 AM
39-CV-2022-900047.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
BART BUCHANAN, CLERK

Annette C. Blair, et al                          ,

          Plaintiff

                                   39-CV-2022-900047.00
                                        Case No.

          VS.

                                   Circuit Court for Jackson Count
                                 (Court or Administrative Agency)

Whitetail Vessel Company, LLC, et a,

          Defendant

# VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now __Bennett Avram Midlo__ , applicant herein, and respectfully represents the following:

1. Applicant resides at __2624 Newman Street__ ,
                                      Street Address

| Houston | Harris | Texas |
|---|---|---|
| City | County | State |
| 77098 | 712-252-4142 | |
| Zip Code | Telephone | Social Security Number |

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) __Sico Hoelscher Harris LLP__ , with offices at __3 Riverway, Suite 1910__ __Houston__

|  |  |  |  |
|---|---|---|---|
| Street Address | | City | |
| Harris | Texas | 77056 | 361-653-3300 |
| County | State | Zip Code | Telephone |

bmidlo@shhlaw.com

          E-mail

3. Applicant has been retained personally or as a member of the above named law firm by Annette C. Blair to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since November 8 of 19/20 85 , applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Texas , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| USDC Southern District of Texas | 11-14-86 |
| USDC Western District of Texas | 04-19-02 |
| US Supreme Court | 09-18-98 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

N/A

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A

_____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

N/A

_____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A

_____

_____

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

N/A

_____

_____

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

N/A

_____

_____

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

N/A

_____

_____

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

Carson S. Hale                                                                        ,

who has offices at 145 E. Magnolia Ave., Suite 201                                   ,

| Auburn | Lee | ,Alabama, |
|---|---|---|
| City | County | |

| 36830 | 334-741-4110 | chale@slocumblaw.com |
|---|---|---|
| Zip Code | Telephone | E-mail |

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Annette C. Blair | 724 Snodgrass Rd., #A7, Scottsboro, AL 3 |
| Tina Hitchcock | 3415 Edmons Dr., Lot B, Scottsboro, AL 3! |
| Hannah Smith | 908 Bob Jones Rd., Scottsboro, AL 35769 |
| Whitetail Vessel Company, LLC | 4500 Clarks River Rd., Paducah, KY 4200( |
| Inland Marine Service, Inc. | 1700 Petersburg Rd., Hebron, KY 41048 |

(Item 14, Continued)

Name of Counsel: Carson S. Hale     Party Represented: Blair; Hitchock; and Smith

Mailing Address and E-mail: 145 East Magnolia Ave., Suite 201

Auburn, AL 36830

chale@slocumblaw.com

Name of Counsel: _____     Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____     Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____     Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____     Party Represented: _____

Mailing Address and E-mail: _____

(If necessary, please attach list of additional attorney's)

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _26th_____ of _April_____, 20_22_ .

_____
APPLICANT

STATE OF _Texas_____ )
COUNTY OF _Harris_____ )

I, _Bennett Avram Midlo_____,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT

Subscribed and Sworn to before me this

_26th_____ day of _April_____, 20_22_ .

ANNETTE GARZA HUERTA
Notary Public, State of Texas
Comm. Expires 01-23-2023
Notary ID 123948997

_____
NOTARY PUBLIC

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this ___17___ day of _____May_____, 20 22 .

_____Carson Hale_____
LOCAL COUNSEL

## NOTICE OF HEARING

This application for admission is set for hearing by the court or administrative agency in the style hereof on the ___9___ day of ___June___, 20 22 .

_____Carson Hale_____
LOCAL COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this application and fees with the Alabama State Bar:

[✓] **Civil** PHV Motions:  via **Alafile** (Including $300 electronic filing fee/$25 electronic CSF Assessment)

[ ] **Criminal** PHV Motions: via USPS to Alabama State Bar, PHV Regulatory Office, PO Box 671, Montgomery, AL 36101, accompanied by **two separate checks** ($300 filing fee/$25 CSF Assessment) (Must be filed with the Bar at least 21 days prior to PHV hearing date provided above)

On this the 17 day of _____May_____, 20 22 .

_____Carson Hale_____
LOCAL COUNSEL

(Form approved by Alabama State Bar and Alabama Supreme Court to be effective January 1,1994.)

**VERIFIED APPLICATION FOR ADMISSION TO PRACTICE UNDER RULE VII OF THE RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR**

*ADDITIONAL INFORMATON TO SUBSTANTIATE ANSWER TO QUESTION NO. 14*

Joseph Baer
633 Bandtly Ridge Drive
Taylor Mill, KY 41015

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 22, 2022

Re: Mr. Bennett A. Midlo, State Bar Number 14025450

To Whom It May Concern:

This is to certify that Mr. Bennett A. Midlo was licensed to practice law in Texas on November 08, 1985, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web





AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:   CARSON SCOTT HALE
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was FILED on 5/17/2022 9:45:10 AM

**C001 BLAIR ANNETTE C**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: HALE CARSON SCOTT]

Notice Date:    5/17/2022 9:45:10 AM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:   WHITETAIL VESSEL COMPANY, LLC (PRO SE)
4500 CLARKS RIVER RD.
PADUCAH, KY, 42003-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was FILED on 5/17/2022 9:45:10 AM

**C001 BLAIR ANNETTE C**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: HALE CARSON SCOTT]

Notice Date:   5/17/2022 9:45:10 AM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:  INLAND MARINE SERVICE, INC. (PRO SE)
1700 PETERSBURG RD.
HEBRON, KY, 41048-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was FILED on 5/17/2022 9:45:10 AM

**C001 BLAIR ANNETTE C**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: HALE CARSON SCOTT]

Notice Date:    5/17/2022 9:45:10 AM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:   BAER JOSEPH (PRO SE)
      633 BANDTLY RIDGE DR.
      TAYLOR MILL, KY, 41015-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was FILED on 5/17/2022 9:45:10 AM

**C001 BLAIR ANNETTE C**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: HALE CARSON SCOTT]

Notice Date:     5/17/2022 9:45:10 AM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov



AlaFile E-Notice

39-CV-2022-900047.00

Judge: M BRENT BENSON

To:  CATHY MCCURRY
     cathysue.mccurry@alabar.org

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

ANNETTE C BLAIR ET AL V. WHITETAIL VESSEL COMPANY, LLC ET AL
39-CV-2022-900047.00

The following matter was FILED on 5/17/2022 9:45:10 AM

**C001 BLAIR ANNETTE C**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: HALE CARSON SCOTT]

Notice Date:    5/17/2022 9:45:10 AM

BART BUCHANAN
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
bart.buchanan@alacourt.gov